UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DAVID VALENTINE**, <br><br> Defendant. | Case No. 1:24-cr-392 (TNM) |

**MEMORANDUM ORDER**

The Government filed an omnibus motion seeking to limit the evidence and arguments a January 6 defendant can use at trial. The Court will grant much of what the Government requests but will deny several premature requests for evidentiary rulings.

**I.**

David Valentine is facing a four-count indictment for his alleged conduct on January 6, 2021. ECF No. 7. The Government charged him with civil disorder, entering and remaining in a restricted area, and two counts of disorderly and disruptive conduct. *Id.* Now the Government has filed an omnibus motion in limine seeking to shape the contours of Defense's case. ECF No. 20 ("Gov't Mot."). The Government wants to restrict Defense's use of various evidence, cross-examination questions, and affirmative defenses. Defense opposes the entire omnibus motion. ECF No. 23 ("Def.'s Opp'n"). Security concerns justify some evidentiary limitations, and certain affirmative defenses are unavailable. But other evidentiary concerns raised by the Government are premature. So the Court will grant the omnibus motion in part and allow the Government to reassert its remaining evidentiary objections at trial if necessary.

## II.

### A.

The Government wants to limit unnecessary discussion of security-related topics. Gov't Mot. at 2–6. First, the Government asks the Court to prohibit any cross-examination questions or exhibits that reveal the precise location of security cameras at the Capitol. Second, the Government plans to call a Secret Service witness and asks that the Defendant be precluded from discussing Secret Service protection protocols and security details. To that end, the Government wants to limit the scope of cross-examination to "the federally protected function performed by the Secret Service as testified to on direct exam." Gov't Mot. at 5.

Valentine contends the requests are premature because the Government could raise these issues in its case-in-chief. Def.'s Opp'n at 2–3. But the Government represents it will not and agrees that doing so will open the door for him to discuss those topics. ECF No. 24 at 1.

The Court "has considerable discretion to place reasonable limits on a criminal defendant's presentation of evidence and cross-examination of government witnesses." *United States v. Whitmore*, 359 F.3d 609, 615–16 (D.C. Cir. 2004). The Court finds that revealing the exact locations of Capitol security cameras and the details of Secret Service procedures would create an unwarranted security risk. The risk is not justified given the low probative value of this evidence for Valentine. Other courts considering this issue have reached the same conclusion. *See, e.g.*, *United States v. Bru*, 21-cr-352, 2023 WL 4174293, at *2 (D.D.C. June 26, 2023); *United States v. Vaglica*, 2f3-cr-429, 2024 WL 4164691, at *2 (D.D.C. Sept. 12, 2024). Accordingly, the Court will grant the Government's request in part. Defense may not discuss the exact location of Capitol security cameras on cross-examination or reveal those locations in exhibits without specific preclearance from the Court. Nor may Defense discuss the

innerworkings of Secret Service protocols and protective details.  But the Court otherwise denies the Government's request to preemptively limit the scope of Defense's cross-examinations.

### B.

The Government next moves to prohibit Valentine from relying on the affirmative defenses of entrapment by estoppel and the public authority defense.  Gov't Mot. at 7–11.  The Government also seeks to prevent any affirmative defenses rooted in the First Amendment.  *Id.* at 11–13.  Valentine retorts that all three are viable options.  Def.'s Opp'n at 3–4.  Yet his general assertions contain no facts capable of supporting the affirmative defenses.  The Court will thus grant the Government's motion in part, as explained below.

Consider first entrapment by estoppel and the public authority defense.  The D.C. Circuit "has not articulated in a binding opinion either the elements of the defenses or the procedure by which a court should consider them."  *United States v. Sheppard*, 21-cr-203, 2022 WL 17978837, at *7–8 (D.D.C. Dec. 28, 2022).  Generally though, judges in this district agree that "certain requirements are undisputed."  *United States v. Eicher*, 22-cr-38, 2023 WL 3619417, at *3 (D.D.C. May 23, 2023).  As relevant here, these "defenses are available only when the official's statements or conduct state[d] or clearly impl[ied] that the defendant's actions [were] lawful."  *Sheppard*, 2022 WL 17978837, at *9.

Valentine noticed his intent to use these defenses, but he has not identified specific statements by public officials that supposedly authorized his actions.  *See* ECF No. 22.  Other January 6 defendants have pointed to a speech that President Trump made at the Ellipse urging supporters to "march[] over" to the Capitol building and "stop the steal."  *Sheppard*, 2022 WL 17978837, at *9.  Given the posture of this case, the Court anticipates Valentine will take the same approach.  But it is well-established by now that the President's speech cannot support

these affirmative defenses because the speech did not clearly imply that entering a restricted area of the Capitol was lawful. *See Eicher*, 2023 WL 3619417, at *4; *see also Sheppard*, 2022 WL 17978837, at *9. So this Court will join the others that have "conclude[d] that former President Trump's statements cannot support an entrapment-by-estoppel or public-authority defense." *Bru*, 2023 WL 4174293, at *2 (cleaned up); *see also Sheppard*, 2022 WL 17978837; *Eicher*, 2023 WL 3619417; *United States v. Easterday*, 22-cr-404, 2023 WL 6646384, at *2 (D.D.C. Oct. 12, 2023); *United States v. Carpenter*, 21-cr-305, 2023 WL 1860978, at *3 (D.D.C. Feb. 9, 2023). Valentine is precluded from relying on these defenses to the extent that they are based on the President's speech on January 6, 2021.

As for the First Amendment, it did not permit Valentine to enter restricted areas of the Capitol. *U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns*, 453 U.S. 114, 129 (1981) ("[T]he First Amendment does not guarantee access to property simply because it is owned or controlled by the government."). He cannot claim otherwise. But Defense may discuss Valentine's subjective perception of the First Amendment to the extent that it is relevant to the intent requirement in any of the charged offenses.

## C.

The Government also asks the Court to prohibit Valentine from introducing evidence of his good conduct or comparing his relative culpability to other rioters. Gov't Mot. at 13–14. The Government contends this evidence is irrelevant to Valentine's overall guilt or innocence. *Id.* The Court will deny the motion without prejudice because it is premature.

The Defendant has not yet presented any evidence of this nature. Without concrete evidence for the Court to evaluate, any ruling on admissibility would be premature and improperly speculative. And unlike the Government's evidentiary concerns that implicated

security matters, nothing here justifies preemptively restricting Defense's ability to present its case. So the Court will deny the motion and allow the Government to reassert these objections at trial if necessary.

### D.

Finally, the Government moves to preclude potential Defense arguments involving the actions of other rioters and their charges and case dispositions. Gov't Mot. at 14. The Government maintains that the charges and dispositions in other cases do not affect Valentine's guilt or innocence. The Government does not explain why Defense should be prohibited from discussing other rioters' actions though. The Court will deny the motion without prejudice as premature.

There is no indication that Defense plans to offer this sort of evidence. As explained above, the Court is disinclined to preemptively exclude potential evidence that may or may not be introduced without first having a chance to evaluate it. That said, the Government remains free to challenge any evidence Defense seeks to introduce at trial.

### III.

For these reasons, the Court **ORDERS** that the Government's Omnibus Motion in Limine is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**

Dated: December 28, 2024

TREVOR N. McFADDEN
United States District Judge